**Sheldon H. SOLOW, d/b/a Solow Building Co., Plaintiff,**

v.

**PPI ENTERPRISES (U.S.) INC., and Polly Peck International, PLC, Defendants.**

**No. 91 Civ. 7249 (LLS).**

United States District Court, S.D. New York.

Nov. 13, 1992.

Jerome S. Hirsch, Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff.

Fredric J. Zepp, Latham & Watkins, New York City, for defendants.

## OPINION AND ORDER

STANTON, District Judge.

Plaintiff Sheldon Solow, doing business as Solow Building Co. ("Solow"), moves for partial summary judgment on the issue of defendants' liability for default on a com-

mercial lease. Defendants oppose summary judgment and move to dismiss or stay the action because defendant Polly Peck International, plc ("Polly Peck") is in insolvency proceedings in England.

## Background

Solow alleges the following in his statement of facts pursuant to Local Rule 3(g). He is the owner and landlord of a building at 9 West 57th Street in Manhattan, and PPI Enterprises (U.S.), Inc. ("PPIE"), a Delaware corporation with its principal place of business in New Jersey, entered into a lease agreement for a portion of the 37th floor of the building for a ten-year term, starting on August 9, 1988. The lease required payment of a fixed rent of $620,000 per year for the first five years and $650,000 per year thereafter, to be paid in monthly installments, and "electricity rent" of $3.00 per square foot per year, subject to adjustment, as well as certain additional payments. Solow and Polly Peck entered into a separate agreement under which Polly Peck guaranteed payment and performance of PPIE's obligations under the lease. On September 27, 1991, PPIE notified Solow that it intended to vacate the building, and on September 30, 1991 PPIE abandoned the leased premises and removed all of its possessions. PPIE did not pay rent for October, 1991 or any month thereafter. On October 9, 1991, Solow delivered to PPIE written notice of its default under the lease and of its obligation to cure the default within ten days. PPIE did not cure the default. On October 21, 1991, Solow served PPIE with notice of election to terminate the lease pursuant to Articles 17 and 34.C(15) of the lease and PPIE did not respond to the notice. At the time of PPIE's abandonment of the premises, the aggregate rent for the remaining portion of the lease was $5.86 million.

PPIE's statement in opposition to Solow's motion for summary judgment states that Solow has not taken reasonable steps to relet the leased premises, and did not list the premises for reletting until January 31, 1992. It further states that the aggregate rent for the remaining portion of the lease is less than 5.86 million and that, by virtue of the "securitization" [sic] of the current portion of the lease, Solow has not suffered any damages.

PPIE urges, however, that the court should not reach Solow's motion for summary judgment because the entire action should be dismissed or stayed due to the bankruptcy of Polly Peck, the British parent company of PPIE and indirect owner of 100% of PPIE's stock. Solow stated at a pre-motion conference, and reaffirms in his submissions on the motion, that he does not oppose a stay or dismissal without prejudice of the action against Polly Peck and waives any collateral estoppel rights against Polly Peck resulting from an adverse judgment against PPIE.

Accordingly, the action against Polly Peck is dismissed without prejudice.

The remaining question is whether the case should proceed against PPIE, and if so, whether Solow is entitled to summary judgment on the issue of liability.

## Discussion

### 1. Stay or Dismissal

PPIE asserts that principles of international comity and United States policy require a stay or dismissal of the case against PPIE because pursuing the action would prejudice Polly Peck since the identity of interest and the risk of adverse findings would require the Polly Peck administrators to participate in the action.

11 U.S.C. § 305 provides that the court may dismiss a case brought under the bankruptcy provisions of Title 11, United States Code (which this case is not) if there is a pending foreign proceeding and the factors specified in § 304(c) warrant dismissal. These factors include comity. "In enacting section 304 ... Congress provided a mechanism for the courts in this country to aid foreign courts and accommodate the increasing number of foreign insolvency proceedings having extraterritorial effects within the United States." *In Re Gee*, 53 B.R. 891, 896 (Bankr.S.D.N.Y.1985) (citations omitted). In addition, the automatic stay of actions against debtors in United States bankruptcy proceedings can be extended to reach actions against sol-

vent parties which would frustrate the purpose of the bankruptcy code or adversely affect the debtor's reorganization plan. *See, e.g., In Re Ionosphere Clubs,* 111 B.R. 423, 434 (Bankr.S.D.N.Y.1990); *In Re Johns–Manville Corp.,* 26 B.R. 420, 427 (Bankr.S.D.N.Y.1983). PPIE argues that these policies allow the court to stay the present suit against it, and that the facts support such a stay.

Solow does not contest that the British bankruptcy action provides adequate procedural safeguards to warrant the application of comity with respect to the Polly Peck insolvency. However, even where a stay with respect to a foreign debtor in bankruptcy is appropriate, a stay with respect to a domestic non-bankrupt subsidiary does not automatically follow. A stay against a non-bankrupt codefendant or third-party defendant requires some "unusual circumstances," for instance, "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robbins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986).

Here, Solow has waived his right to use an adverse finding against PPIE to enforce Polly Peck's guarantee on the lease. Polly Peck owns all the shares of PPIE's stock, but PPIE has its own management in the United States, entered into the lease agreement with Solow on its own behalf, and continues to function as a Delaware corporation. Despite defendants' claim that PPIE is "insolvent in that its liabilities exceed its assets," PPIE has not sought the protection of the United States bankruptcy laws, and it apparently has assets of value.

Under the circumstances, PPIE may not stall actions against it on its own obligations merely because the owner of all of its shares is in reorganization proceedings. Since Solow seeks in the first instance to satisfy any judgment against PPIE with PPIE's own assets in this country, and has waived any preclusive effect a judgment

against PPIE might have on Polly Peck, the Polly Peck administrators' claim that they must devote inordinate time to this action does not outweigh plaintiff's right to pursue his action against a separate corporation with its own assets and management. The action against PPIE will therefore not be stayed.

### 2. Summary Judgment

PPIE does not raise any substantial issue of fact regarding its liability under the lease. It does cite cases holding that damages are an element of Solow's case, and raises issues remaining with respect to damages. Accordingly, Solow's motion for summary judgment on the issue of liability is granted, and issues with respect to damages will be severed and tried separately.

### Conclusion

As a matter of comity, and on consent, the action against Polly Peck International, plc is dismissed without prejudice.

Solow's motion for partial summary judgment in its favor and against PPI Enterprises (U.S.) Inc. on the issue of liability is granted.