Lawrence EPSTEIN; John Linder; Jane Rockford, as trustee of the Michael J. Rockford Trust; Maurice Karlin; Ruth Karlin; Beth Ann Karlin; Bert P. Karlin; Walter Minton, Plaintiffs,

v.

MCA, INC.; Matsushita Acquisition Corporation; Matsushita Electric Industrial Co., Ltd.; Matsushita Holding Corporation; Lew Wasserman; Sidney J. Sheinberg, Defendant–Appellees.

Roger W. Kirby; Kaufman, Malchman, Kaufmann & Kirby, Applicants–Appellants.

No. 92–55677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 1993.

Submission Vacated Aug. 13, 1993.

Resubmitted Oct. 12, 1994.

Memorandum Filed Feb. 24, 1995.

Order and Opinion Filed May 23, 1995.

Irving Malchman, Roger W. Kirby, and Ernest T. Kaufman, Kaufman, Malchman, Kirby & Squire, New York City, for Epstein plaintiffs-applicants-appellants.

Barry R. Ostrager and Mary Kay Vyskocil, Simpson, Thacher & Bartlett, New York City, for Matsushita and MCA, defendants-appellees.

Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.

## ORDER

The memorandum disposition filed on February 24, 1995 is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

■ The issue is whether the district court abused its discretion in holding the Epstein plaintiffs and their counsel in contempt of court for failing to comply with a discovery order. Resolution of this question depends, as an initial matter, on whether the district court's order to compel plaintiffs to comply with Matsushita's discovery requests was proper. Because we hold that it was not, we vacate the district court's order holding plaintiffs and their counsel in contempt. *See Thomassen v. United States,* 835 F.2d 727,

732 (9th Cir.1987) (when order with which contemnor failed to comply is vacated on appeal, "the contempt order naturally falls because it is predicated on" the vacated order).

Matsushita requested from all plaintiffs in this case detailed information about (1) whether plaintiffs owned MCA shares, (2) how they invested their tender offer proceeds, (3) whether their investment history made it likely that they would have elected to receive Wasserman's preferred stock instead of cash, and (4) whether they would in any event pay taxes on the cash proceeds they received.

■ An order compelling a party to comply with discovery requests is reviewed for abuse of discretion. The Federal Rules of Civil Procedure creates a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir.1993). However, the right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Id.* (quoting Fed.R.Civ.P. 26(b)(1)).

■ The first piece of information Matsushita sought to obtain through discovery—whether plaintiffs owned MCA stock—is without doubt relevant to the subject matter of this litigation. The other information Matsushita sought to discover, however, is not. Any information Matsushita may have gleaned from these discovery requests would have no bearing on either the merits of the case or on the motion for class certification, since all that plaintiffs are required to establish in order to recover damages under Rule 14d–10 is either that Wasserman received consideration not offered to other shareholders that was worth more than what other shareholders received, or that Sheinberg received an extra $21 million payment for tendering his shares. Moreover, as we stated in Nos. 92–55632 and 92–55675, the measure of the damages that plaintiffs may recover from the Wasserman transaction is the difference between $71 per share and the value of the

consideration Wasserman received per share of his MCA stock. *Minton v. MCA*, 50 F.3d 644, 657 (9th Cir.1995). Because questions concerning how plaintiffs invested their tender offer proceeds, the amount of tax liability they incurred as a result of the tender offer, and whether they would have taken the consideration package offered to Wasserman are irrelevant, the district court abused its discretion in granting Matsushita's motion to compel plaintiffs to comply with its discovery requests.

The district court's order holding the Epstein plaintiffs and their counsel in contempt is VACATED.