**Sheldon H. SOLOW d/b/a Solow Building Company, Plaintiff–Appellant,**

v.

**Richard Anthony STONE, Michael Anthony Jordan, Christopher John Barlow, and Michael B. Herz, Defendants–Appellees.**

Docket No. 98–7284.

United States Court of Appeals, Second Circuit.

Argued Dec. 4, 1998.

Decided Dec. 23, 1998.

Allan J. Arffa, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY (Lesley Szanto Friedman, Paul, Weiss, Rifkind, Wharton & Garrison; David Boies, Robert B. Silver and Andrew W. Hayes, Boies & Schiller LLP, Armonk, NY, of counsel), for Plaintiff–Appellant.

---

Selvyn Seidel, Latham & Watkins, New York, NY (Regina Scinta, Latham & Watkins; David Kidd and Robert Hickmott, Cameron McKenna, London, England, of counsel), for Defendants–Appellees.

Before: OAKES, CARDAMONE, and CABRANES, Circuit Judges.

PER CURIAM:

Plaintiff appeals from a judgment of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Judge*) dismissing his complaint against an officer of plaintiff's former tenant, PPI Enterprises (U.S.), Inc. ("PPIE"), and three administrators in insolvency (appointed by a British court) of Polly Peck International Plc ("Polly Peck"), a British corporation that held 100% of PPIE's stock through a wholly-owned subsidiary.

Plaintiff is a commercial landlord in Manhattan who, in August 1988, entered into a ten-year lease with PPIE. In September 1991, PPIE breached the lease. Solow sued and, in November 1992, obtained a partial judgment of liability against PPIE for defaulting on the lease. *See Solow v. PPI Enterprises (U.S.) Inc.*, 150 B.R. 9 (S.D.N.Y. 1992). Solow and PPIE entered into settlement negotiations with respect to damages, which went on for several years. In April 1996, when negotiations proved fruitless, Solow requested that the district court hold a hearing on damages. PPIE filed for bankruptcy before any hearing took place.

Solow claims that, during discovery in the bankruptcy proceeding, he became aware that defendants had caused PPIE to engage in a number of highly unfavorable financial transactions, including a breach of the lease with Solow, designed to benefit PPIE's ultimate parent, Polly Peck. On the basis of these transactions, plaintiff brought this suit, asserting claims against all defendants for breach of the fiduciary duties of care and loyalty and against the Polly Peck administrators only for tortious interference with contract.

Defendants moved to dismiss the complaint on January 6, 1997, arguing, *inter alia*, that Solow's claims for breach of fiduciary duty belonged to the bankrupt corporation and could not be asserted by an individual creditor on his own behalf and that his claim for tortious interference with contract was barred by the statute of limitations.

In an October 1, 1997 memorandum in opposition to the motion to dismiss, Solow maintained that his claims for breach of fiduciary duty were not derivative claims belonging only to the bankrupt corporation because he, as "the corporation's principal outside creditor," suffered a special injury and because the wrongs for which he was seeking redress involved contractual rights that exist independently of any right of the corporation. Further, he alleged that defendants' fraudulent concealment of their misconduct should have tolled the statute of limitations on his tortious interference claim. Also on that date, plaintiff moved to amend his complaint to include a claim against the insolvency administrators for aiding and abetting breach of fiduciary duties.

In their reply, defendants responded to the new aiding and abetting claim and argued that the administrators were corporate insiders or representatives who "dominat[ed] and controll[ed] [PPIE's] affairs," not the independent third parties (or outsiders to PPIE) who could be held liable for aiding and abetting a breach of fiduciary duty.

The district court, looking to the allegations in the putative amended complaint, granted the motion to dismiss. It held, first, that Solow lacked standing to assert claims for breach of fiduciary duty. Second, it held that there was no third-party relationship between PPIE and the insolvency administrators; plaintiff, in the court's view, had alleged a series of facts with respect to every claim that assumed the administrators' control over PPIE and would preclude a reasonable fact-finder from concluding that the administrators were third parties or outsiders in relation to PPIE rather than representatives of the corporation. Accordingly, the

district court held that Solow had failed to state claims for aiding and abetting breaches of fiduciary duty and tortious interference with contract because both causes of action required defendants to be outsiders to the corporation. Finally, the district court held that, even if plaintiff had stated a claim for tortious interference with contract, it would be time-barred. This appeal followed.

Plaintiff raises four issues on appeal. First, he argues that the district court erred in attributing allegations of facts asserted in support of his breach of fiduciary duty claims to his alternative claims for aiding and abetting and tortious interference with contract. These allegations, restated and incorporated in all counts of the complaint, indicated that the insolvency administrators had a high degree of involvement with, and control over, PPIE and were acting essentially as officers and directors—and, in the view of the district court, undermined plaintiff's claims for aiding and abetting and tortious interference with contract, which require that defendants be corporate outsiders.

Second, plaintiff argues that the district court erred in holding that no reasonable fact-finder could conclude that the administrators were outsiders or third parties to PPIE for purposes of his aiding and abetting and tortious interference with contract claims.

Third, plaintiff challenges the district court's holding with respect to the tolling of the statute of limitations for tortious interference with contract. He asserts that the court erred in ruling that he failed to allege fraudulent concealment with the requisite specificity, and (though he failed to move to file a second amended complaint) in declining to invite him to amend his allegations of fraudulent concealment.

Solow argues, finally, that the district court erred in holding that he, as an outside creditor, lacked standing to sue PPIE's officers for breach of fiduciary duties.

We affirm the judgment of the district court for the reasons stated by Judge Muka-

sey in his comprehensive and thoughtful opinion dismissing the complaint in its entirety. *See Solow v. Stone*, 994 F.Supp. 173 (S.D.N.Y.1998).